(3 App. Div. 356.)

HART v. WILDER et al.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

ACCOUNTING.

An agreement whereby defendants undertook to pay plaintiff a stipulated weekly sum for his services in their printing office until the business had paid for itself, after which plaintiff could, whenever he might elect, take half the profits in lieu of such weekly payment, did not entitle him, after leaving his employment without making any election, to maintain a suit for an accounting.

Appeal from special term, Kings county.

Action by Samuel S. Hart against Jones W. Wilder and others for an accounting. From a judgment for defendants entered on a decision of the court, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-LETT, and HATCH, JJ.

Charles Howard Williams and Cephas Brainerd, for appellant.

Benjamin F. Tracy, for respondents.

PER CURIAM. The plaintiff, having failed in the New York superior court to obtain an accounting from the defendants on the theory that he was their partner, sought like relief in this action on the theory of an employment which entitled him to share in the profits of the printing business carried on by the parties. But the evidence which he laid before the court in this case only tended again to prove the partnership relation, which the superior court had already adjudged not to exist, and, on the other hand, tended to negative any employment upon the terms stated in the complaint in the present suit. As the learned trial judge correctly held, if an employment was established at all, it differed materially from that which the plaintiff had pleaded. The only contract of this character which could have been inferred from the proof was the agreement testified to by the defendant Wilder, whereby the defendants undertook to pay the plaintiff $50 a week until the printing office had paid for itself; after which time, whenever he might elect, the plaintiff could take half the profits in lieu of the weekly payment of $50. The plaintiff never made this election, and therefore never became entitled to any portion of the profits. It is argued that the plaintiff could not make this election without knowing the condition of the business, and, therefore, that he is entitled to an accounting now, even on the agreement as the defendants state it. But his employment, whatever its nature and terms, was ended before this suit was brought, and he cannot have an accounting at this time to enable him to elect in regard to a matter as to which his right of election was gone prior to the commencement of the action. Assuming the contract to have been what the defendant Wilder swears it was, the defendants were doubtless bound, while the plaintiff remained in their service, to afford him full information as to the condition of the business, in order that he might know when the printing establishment had paid for itself, and what was the difference between half the profits and his weekly compensation. The evidence indicates, however, that he must have been tolerably well informed at all times in respect to these matters. The operations of the printing office were carried on under his own supervision; the books appear to have been open to his inspection, and practically under his control; and in 1887, when he demanded a statement showing the financial relations between the printing office and the defendants, he himself says that they furnished such an account: We do not think he can fairly complain that the defendants kept from him any knowledge essential to an intelligent choice between retaining his $50 a week or accepting half the profits.

The court below found that the plaintiff had been paid by the defendants at the rate of $50 a week up to the time of his discharge. This finding is supported by the plaintiff's own testimony on page 155 of the appeal book. Nevertheless, his counsel claim that his testimony also shows a series of deposits by him with the defendants, upon which they still owe him a balance of $2,400. The statements of the witness in regard to this claim (on pages 52, 87, and 88 of the appeal book) are so vague and apparently contradictory that we are at a loss to understand their precise meaning; but it is sufficient to dispose of the matter, so far as the present action is concerned, to say that no such claim is contained or suggested in the complaint.

The two questions which we have discussed are not noticed in the opinion of the trial judge, and probably were not brought to his attention. We are satisfied with the conclusion he reached, and the reasons assigned for it. The judgment should be affirmed.